# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **DANIEL LAMAR WILLIAMS** | * | **CIVIL ACTION NO. 17-0060** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **OUACHITA PARISH SHERIFF'S DEPARTMENT, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 10] filed by defendants, Ouachita Parish Sheriff Jay Russell, and deputies, Justin Cromwell, Seth Cox, and Brooke Boney. The motion is opposed. For reasons set forth below, it is recommended that the motion to dismiss be GRANTED, and that plaintiff's federal law claims be dismissed, with prejudice, and his state law claims dismissed, without prejudice. It is further recommended that plaintiff's claims against the Ouachita Parish Sheriff's Department be dismissed with prejudice, and that his claims against XYZ Insurance Company be dismissed without prejudice.

## Background

Daniel Williams alleges that on January 15, 2015, Ouachita Parish Sheriff's deputies, Justin Cromwell and Seth Cox, stopped his vehicle and asked him to produce his driver's license and registration. (Compl., ¶ 3). While Williams attempted to retrieve the documents, Deputy Cox drew his weapon and asked Williams to place his hands on the steering wheel. *Id.*, ¶ 5. After Williams complied, Cox holstered his weapon and asked Williams to step outside the vehicle. *Id.*, ¶ 6. "Upon information and belief," the deputies then grabbed Williams' arm, and proceeded to threaten, intimidate, assault, kick, stomp, and tase Williams in his lower back. *Id.*,

¶ 7. Thereafter, the deputies handcuffed Williams and left him near the exhaust pipe of the running vehicle, thereby exposing Williams to carbon monoxide gas for 25 to 30 minutes. *Id*. Despite the severity of Williams' injuries, the deputies did not offer Williams any medical services. *Id*.

Two years later, on January 17, 2017,[1] Williams filed the instant complaint against defendants Ouachita Parish Sheriff's Department; Ouachita Parish Sheriff Jay Russell; deputies, Justin Cromwell, Seth Cox, and Brooke Boney;[2] and XYZ Insurance Company. (Compl., ¶ 1). Williams alleges that defendants caused him to suffer severe trauma and bruising to his lower back, post-traumatic stress disorder, physical pain, emotional distress, and mental anguish. *Id*., ¶ 9. Plaintiff asserts claims under 42 U.S.C. § 1983 for violation of his rights under the Fourth, Fifth, and Eighth Amendments to the U.S. Constitution. *Id*., ¶ 11.[3] In addition, he argues that defendants are liable under state tort law pursuant to Louisiana Civil Code Article 2315. *Id*., ¶ 12. Williams seeks to recover compensatory and punitive damages, attorney's fees, costs, and interest. *Id*., Prayer.

---

[1] Although the second anniversary of plaintiff's cause of action ordinarily would have been January 15, 2017, the period was extended by two days because it fell on a Sunday, followed by a legal holiday. *See* Fed.R.Civ.P. 6(a)(1)(C) and (6).

[2] Aside from naming Boney as a defendant, plaintiff did not allege any facts specific to her.

[3] Plaintiff's claims for excessive force (and any claim for wrongful arrest) are analyzed under the Fourth Amendment, applicable to the states via the Fourteenth Amendment. *Dunaway v. New York*, 442 U.S. 200, 207, 99 S.Ct. 2248, 2253-2254 (1979) (citation omitted); *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989) ("*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . ."). Similarly, plaintiff's claim for failure to provide medical care derives from the Fourteenth Amendment's due process clause. *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 473 (5th Cir.1996). Thus, his invocation of the Fifth and Eighth Amendments is unavailing.

On June 5, 2017, defendants, Ouachita Parish Sheriff Jay Russell, and deputies, Justin Cromwell, Seth Cox, and Brooke Boney, filed the instant motion to dismiss plaintiffs' claims for failure to state a claim upon which relief can be granted. Movants contend that plaintiff's claims are time-barred because the applicable statute of limitations is one year, but plaintiff did not file suit until two years after the precipitating incident. On June 28, 2017, plaintiff filed his opposition brief. He argues that the applicable statute of limitation is two years, and therefore, his suit was timely filed. Defendants filed their reply brief on July 7, 2017. Accordingly, the matter is ripe.

## **Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). Circumstances constituting fraud or mistake, however, must be alleged with particularity. Fed.R.Civ.P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions.

*Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir.2010) (citation omitted).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).[4]

Although limitations is an affirmative defense, a district court is authorized to dismiss a case (even *sua sponte*) when "it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir.2006) (citation omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*.

## Analysis

---

[4] In his opposition memorandum, plaintiff cited cases that invoked the oft-cited language from *Conley v. Gibson*, that a court will not dismiss a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). In *Twombly*, however, the Supreme Court clarified that *Conley* merely "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly, supra*.

In a footnote to their motion, defendants remark that the Ouachita Parish Sheriff's Department is not an entity capable of being sued. In addition, the court observes that plaintiff never substituted a proper party for the fictitiously named XYZ Insurance Company. The court will address these issues before reaching defendants' limitations argument.

**I.    Ouachita Parish Sheriff's Department**

Under Federal Rule of Civil Procedure 17(b), "capacity to sue or be sued shall be determined by the law of the state in which the district court is held," i.e., Louisiana. To enjoy the capacity to be sued under Louisiana law, an entity must qualify as a "juridical person." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. App. 2d Cir.2006) (citations omitted). This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24. In Louisiana, the courts uniformly hold that sheriff's *offices* or sheriff's *departments* (as opposed to the sheriff him or herself) are not juridical entities capable of being sued. *Sipes v. City of Monroe*, Civ. Action No. 11-1668, 2013 WL 1282457, at *3 (W.D. La. Mar. 28, 2013) (collecting cases).

Accordingly, the Ouachita Parish Sheriff's Department cannot be sued and must be dismissed, with prejudice. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311 (5th Cir. 1991) (affirming district court's dismissal of a defendant, with prejudice, because it could not be sued as an independent entity).

**II.    XYZ Insurance Company**

Local Rule 41.3 provides for dismissal, without prejudice, of a civil action or party for lack of prosecution where a cause of action had been pending for six months without proceedings being taken within such period. *See* LR 41.3. Here, the case has been pending for

more than six months without plaintiff's seeking to substitute a proper party for the fictitiously named insurance company. The instant report and recommendation provides the requisite notice to plaintiff. *See* LR 41.3.[5]

### III. Ouachita Parish Sheriff Jay Russell, Justin Cromwell, Seth Cox, and Brooke Boney

a) Plaintiff's Federal Law Claims are Time-Barred

Statutes of limitations serve as absolute bars to suit. *Nottingham v. Richardson*, 499 Fed. Appx. 368, 375 (5th Cir.2012). However, there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir.1992). Therefore, "section 1983 actions borrow the forum state's *general* personal injury limitations." *Mejia v. Unknown Officers*, 168 F.3d 485 (5th Cir.1999) (citing *Owens v. Okure,* 488 U.S. 235, 243-48 (1989)) (emphasis added). "In Louisiana, the applicable section 1983 limitation is one year." *Id*. (citing *inter alia*, Louisiana Civ. Code Ann. art. 3492).[6]

---

[5] Typically, plaintiff is accorded 30 days to seek reinstatement upon good cause shown. Such relief is not available in this case, however, where plaintiff makes no allegations against the insurance company and the court does not retain subject matter jurisdiction to hear the claim. *See* discussion, *infra*.

[6] Plaintiff argues that his section 1983 claim should be governed by Louisiana's two year prescriptive period for delictual actions for damages sustained by a crime of violence, Louisiana Civil Code Article 3493.10, or for acts of misfeasance or nonfeasance by sheriffs and their securities, Louisiana Revised Statute 13:5548. In *Owens v. Okure*, however, the Supreme Court held "that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the **general or residual** statute for personal injury actions." *Owens, supra* (emphasis added). Relying on *Owens, supra*, all three federal district courts in this state have declined to apply Article 3493.10's two year prescriptive period to section 1983 claims. *Winstel v. City of Shreveport*, No. 12-2617, 2013 WL 4888614, at *4 (W.D. La. Sept. 11, 2013); *Savoy v. St. Landry Parish Council,* No. 08–232, 2009 WL 4571851 (W.D. La. Dec.1, 2009); *Diaz v. Guynes*, No. 13-4958, 2015 WL 1897630, at *2 (E.D. La. Apr. 27, 2015); *Cook v. Lamotte*, No. 14-0428, 2015 WL 269149, at *1 (M.D. La. Jan. 21, 2015). The rationale from these decisions applies with equal force to preclude application of § 13:5548's two year prescriptive period to § 1983 claims. The undersigned joins these courts in concluding that Article 3493.10's (and § 13:5548's) two year prescriptive period(s) does not apply to section

Nonetheless, "[f]ederal law determines . . . when a section 1983 cause of action accrues, and it accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action." *Mejia, supra* (citing *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir.1995)). Thus, "if the plaintiff knows of the injury and the connection between the injury and the defendant's actions, or if the circumstances would lead a reasonable person to investigate the matter further, then the cause of action has accrued." *Id*.

Here, it is manifest that plaintiff's federal cause of action accrued on January 15, 2015, – the date that defendants allegedly battered and injured him, and failed to provide him with medical services. Plaintiff, however, did not assert his federal law claims until he filed the instant suit some two years later. Of course, this was one year too late. Therefore, his section 1983 claim is untimely on the face of the complaint, and subject to dismissal on that basis.[7]

    b)    <u>The Court Declines Supplemental Jurisdiction Over the State Law Claims</u>

In its motion to dismiss, movants urged dismissal of plaintiff's federal **and** state law claims as time-barred. In their reply brief, however, movants urged the court not to exercise supplemental jurisdiction over the state law claims. The court agrees with defendants' latter suggestion. When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed,[8] the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. In fact, this is the general rule. *Priester, supra*

---

1983 claims brought in this state.

  [7] Plaintiff did not advance any grounds for equitable tolling. *See Stapleman v. Dep't of Pub. Safety & Corr.*, 537 Fed. Appx. 492 (5th Cir.2013).

  [8] The court does not discern any basis for the exercise of diversity jurisdiction, 28 U.S.C. § 1332, in this case.

7

(citation omitted).  The undersigned further observes that interpretation and application of Louisiana's various prescriptive periods to plaintiff's state law claims remains an issue within the particular province and expertise of the state courts.  Accordingly, the twin interests of comity and efficiency dictate that the state law claims be dismissed without prejudice.  28 U.S.C. § 1367(c).[9]

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 10] filed by defendants, Ouachita Parish Sheriff Jay Russell, and deputies, Justin Cromwell, Seth Cox, and Brooke Boney, be GRANTED, and that plaintiff's federal law claims against said defendants, plus all claims against defendant, Ouachita Parish Sheriff's Department, be DISMISSED, with prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's remaining state law claims against Ouachita Parish Sheriff Jay Russell, and deputies, Justin Cromwell, Seth Cox, and Brooke Boney, plus all claims against defendant, XYZ Insurance Company, be DISMISSED, without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any

---

[9] In his brief, plaintiff petitions the court to remand the matter to state court.  Remand is not available in this case, however, because the matter was not removed from state court; rather, plaintiff commenced suit in this court.  In any event, the limitations period is tolled for a minimum of 30 days.  *See* 28 U.S.C. § 1367(d).

8

objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of August 2017.

*[signature]*
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE